IN THE COURT OF CRIMINAL APPEALS

                                   OF TEXAS

 

                                                                              

                                                               NO.
PD-0051-06



 

 

                                                    JULIUS ARCHIE, Appellant

 

                                                                             v.

 

                                                        THE
STATE OF TEXAS

 



                         ON STATE=S PETITION FOR DISCRETIONARY REVIEW

                                      FROM
THE TENTH COURT OF APPEALS

                                                         McLENNAN  COUNTY



 

Keller,
P.J., filed a concurring opinion.

 

The court of appeals made two major mistakes in its
analysis.  








The first mistake was compound in nature: the court
of appeals misidentified the error being considered in this case, and as a
result, erred in applying the Abeyond a reasonable doubt@ harm standard of Rule 44.2(a).[1]  As Chief Justice Gray noted in his separate
opinion, the question of whether the trial court abused its discretion in
denying the motion for mistrial is not properly posed as whether the trial
court committed an error that was harmful, but instead as whether the
trial court erred at all.[2]   In addressing the denial of a motion for
mistrial in Hawkins, we said:

 

Although the parties and the Court of Appeals have
approached the issue as one of harm, that is not a correct characterization of
the issue before us.  A harm analysis is
employed only when there is error, and ordinarily, error occurs only when the
trial court makes a mistake.  Here, the
trial court sustained the defense objection and granted the requested
instruction to disregard.  The only
adverse ruling B and thus the only occasion for making a mistake B was the trial court's denial of the motion for
mistrial.  Under those circumstances, the
proper issue is whether the refusal to grant the mistrial was an abuse of
discretion.[3]

 








The question of whether a
court abused its discretion in denying a motion for mistrial based on improper
argument involves most, if not all, of the same considerations that attend a
harm analysis for overruling an objection to argument.[4]  But that does not mean that the same
standards are employed in determining whether reversal is required.[5]  The Abeyond a reasonable doubt harmless@ standard imposed when a trial court overrules
an objection is one that heavily favors reversal.  Common sense would dictate that the same
analysis would not apply when the trial court sustains the
objection.   Indeed, in Greer v.
Miller, addressing a very similar situation, the Supreme Court concluded
that Chapman=s[6]
Abeyond a reasonable doubt@ standard was inapplicable.[7]
Instead, when the only alleged error was the trial court=s refusal to grant a mistrial, the standard for
determining whether a trial court abused its discretion in that regard was one
that heavily favors affirmance: whether the Aprosecutorial
misconduct . . . so infect[ed] the trial with unfairness as to make the
resulting conviction a denial of due process.@[8]








The second mistake the court
of appeals made was that it did not consider appellant=s failure to seek a curative instruction.  In Young v. State, we explained that,
while a defendant does not completely forfeit review when he moves for a
mistrial without first requesting an instruction to disregard, relief on the
mistrial claim is appropriate only when the error could not have been cured by
an instruction to disregard.[9]  In Greer, the Supreme Court came to
the same conclusion, observing that defense counsel Abore primary responsibility for ensuring that the
error was cured in the manner most advantageous to his client.@[10]  Because
appellant failed to request an instruction to disregard, the court of appeals
erred in considering in its analysis the alleged weakness of the trial court=s curative instruction.  If the defendant was entitled to a better
instruction, he should have requested it. 
Under the circumstances, the appellate court should have analyzed the
issue not in light of the instruction actually given but in light of the most
protective instruction the defendant was entitled to receive.   

And for this reason, I
disagree with the court=s decision to Aoverrule@ the State=s first ground for review.  The point of that ground was that appellant
forfeited the higher level of scrutiny (a Chapman Abeyond a reasonable doubt@ harm analysis) that he might have obtained if he
had requested, and was denied, an instruction to disregard.  The Court says that the instruction that was
given was Afunctionally@ an instruction to disregard,[11]
but I disagree.  The instruction was a
curative instruction of sorts, but it was not an explicit instruction to
disregard, and a party with a valid objection is entitled to an explicit
instruction, upon request.  Here,
there was no request, a fact the court of appeals failed to take into account.








The Court Aoverrules@ the State=s second ground, regarding Adirect@ versus Aindirect@ comments on a defendant=s failure to testify,   I would simply refrain from addressing the
question because, under any characterization of the comment, an analysis under
the correct standards clearly shows that the trial court did not err in denying
the motion for mistrial.  With regard to
the first prong of the Hawkins analysis (severity/prejudicial effect),
the prosecutor=s comment did not impart any information to the
jurors that they did not already have B they already knew appellant had not testified at
the punishment phase of the trial.  And
as the court of appeals observed, the prosecutor did not pursue this line of
argument.  With regard to the second
prong (curative measures), we must assume the trial court would have issued a
specific instruction to disregard if appellant had requested one.  Nothing in the record suggests that a timely,
specific instruction to disregard would have been insufficient to cure any
prejudice associated with the remark. 
Finally, with respect to the third prong (certainty of punishment), the
punishment-related evidence against appellant was strong.  Appellant had a prior felony conviction and
seven misdemeanor convictions, including convictions for violating a protective
order and for family violence assault.  A
prior girlfriend had testified to a pattern of abuse and to a harrowing
incident similar to the one described by the complainant in this case.  Even appellant=s
current girlfriend admitted to being on the receiving end of at least one act
of abusive behavior.  In light of this
evidence, the court of appeals itself conceded that the same punishment would
likely have been assessed regardless of the comment.  Under the circumstances, I believe that the
court of appeals was incorrect in concluding that the trial court erred in
denying the motion for mistrial.

With these comments, I
concur in the Court=s judgment.          


Date filed: May 2, 2007

Publish

 

 











[1]  Justice Reyna issued a lead opinion, which
was not joined in its entirety by either of the other members of the
court.  Justice Vance, in a concurring
and dissenting opinion, joined Justice Reyna in concluding that the trial court
erred in denying a mistrial and that the error was harmful.  Chief Justice Gray issued his own concurring
and dissenting opinion, which disputed this manner of analyzing the issue.





[2]  Archie v. State, 181 S.W.3d 428, 434 (Tex.
App.BWaco
2005)(Gray, C.J., dissenting); Hawkins, 135 S.W.3d 72, 76-77 (Tex. Crim.
App. 2004).





[3]  Hawkins, 135 S.W.3d at 76-77.





[4]  Id. at 77.





[5]  Id.





[6]  Chapman v. California, 386 U.S. 18
(1967).





[7]  483 U.S. 756, 763-767.  In Greer,
the prosecutor asked a question that commented on the defendant=s post-arrest, post-Miranda silence: AWhy didn=t you tell this story to anybody when you got
arrested?@  Id.
at 759.  Defense counsel objected and
requested a mistrial.  Id.  The trial court declined to grant a mistrial
but sustained the objection and instructed the jury to Aignore [the] question, for the time being.@  Id.
(brackets in original).





[8]  Id. at 765.





[9]  137 S.W.2d 65, 69-71 (Tex. Crim. App. 2004).





[10]  483 U.S. at 767 n. 8.





[11]  Court=s
op. at 5.